Peter Roldan (State Bar No. 227067)
Jason Fisher (State Bar No. 289085)
Emergent LLP
5 Third Street, Suite 1000
San Francisco, CA 94103
Telephone: (415) 894-9284
Facsimile: (415) 276-8929
peter@emergent.law
jason@emergent.law

Daniel K. Calisher (State Bar No. 181821)
Steven J. Wienczkowski, *pro hac vice*
Foster Graham Milstein & Calisher LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
Telephone: (303) 333-9810
calisher@fostergraham.com
swieczkowski@fostergraham.com

James S. Helfrich, *pro hac vice*
Jordan Factor, *pro hac vice*
Allen Vellone Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1100
Denver, CO 80202
Telephone:  (303) 534-4499
Facsimile: 303-893-8332
jhelfrich@allen-vellone.com
jfactor@allen-vellone.com

Attorneys for Plaintiffs RICHARD
KOMAIKO and MARCIE COOPERMAN

C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Cynthia A. Castillo (State Bar No. 316026)
ccastillo@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for BAKER TECHNOLOGIES,
INC. and TILT HOLDINGS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KOMAIKO and MARCIE COOPERMAN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAKER TECHNOLOGIES, INC. and TILT HOLDINGS INC.<br><br>Defendants. | Case No. 4:19-CV-03795-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND ORDER** |

JOINT CASE MANAGEMENT STATEMENT AND ORDER          No. 4:19-CV-03795-DMR

Plaintiffs Richard Komaiko ("Mr. Komaiko") and Marcie Cooperman ("Ms. Cooperman") (together, "Plaintiffs") and Defendants Baker Technologies, Inc. ("Baker") and TILT Holdings Inc. ("TILT") (together, "Defendants") submit this Joint Case Management Statement & [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

### 1. Jurisdiction & Service

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because the action involves the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. This Court also has original jurisdiction under 28 U.S.C. § 1332, as the amounts in controversy exceed the specified thresholds and the action is between diverse parties. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over the UCL claims raised under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., because they relate to the TCPA claims to a great extent.

Defendants contend that this Court lacks personal jurisdiction over both Defendants and they have brought a motion to dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

No parties remain to be served.

### 2. Facts

*Plaintiffs' Statement*

Between June 18, 2016 and October 25, 2018, Plaintiffs received hundreds of telemarketing text messages relating to cannabis dispensaries products and services. These messages were sent to Plaintiffs even though they had not provided valid prior express written consent for their receipt. Such unconsented to texts were also sent to thousands of Defendants' other client dispensary customers. Because these telemarketing text messages were sent without valid prior express written consent using an automatic telephone dialing system ("ATDS"), their transmission violated the TCPA and UCL.

Defendants were so involved in sending these violative texts as to be deemed to have made/initiated them, and are liable on that basis.  Baker is the leading "text broadcaster" in the cannabis industry.  It works with dispensaries around the United States to gather their customers' cell phone numbers, aggregate, sort, and analyze customer data, and send customers targeted telemarketing texts.  More specifically, as regards Plaintiffs' claims, Baker, among other things, has supplied numbers used to send telemarketing text messages; acted as a source of such numbers; made representations about the legality of transmitting to those numbers, advised client dispensaries about how to comply with the TCPA; both crafted message content and provided guidance on message content; determined the numbers the texts would be delivered from to prevent them from being filtered or rejected, and to disguise the use of an ATDS; and reported to client dispensaries on the reach, clicks, and "click through rate" associated with each of the telemarketing messages sent.

Baker merged with three other leading companies operating in the cannabis sector, Briteside Holdings, LLC, Sea Hunter Therapeutics, LLC, and Santé Veritas Holdings, Inc. to form TILT in late 2018.  Both before and after the merger, the entities' have actively and zealously engaged in the text broadcasting business in California.

***Defendants' Statement***

In 2015 and 2016, Plaintiffs visited various cannabis dispensaries.  Ms. Cooperman visited a dispensary in Washington.  Mr. Komaiko visited dispensaries in Colorado and California.  Following these visits, Plaintiffs began to receive marketing text messages from those cannabis dispensaries.  Plaintiffs allege that they did not provide express written consent to receive these text messages and that these text messages therefore violated the TCPA and the UCL.  Plaintiffs have not, however, sued the dispensaries that sent them the text messages.  Instead, they sued Baker, which operates a software platform that facilitates text messaging, and TILT, which is merely an 85% owner of Baker through a nonparty entity.

Ms. Cooperman's claims have no connection to California. She visited a Washington dispensary and then received text messages from that Washington dispensary to her telephone number associated with a Kansas area code. There was clearly no targeting of California by Defendants with respect to Ms. Cooperman's claims, all of which thus fail for lack of personal jurisdiction.

Mr. Komaiko's claims also fail for lack of personal jurisdiction. While Mr. Komaiko visited a dispensary in California (as well as dispensaries in Colorado), the California dispensary that Mr. Komaiko visited (Purple Star) was not a client of Baker at the time he visited. Mr. Komaiko alleges that Purple Star took down his personal information on a paper form and then later input his contact information into Baker's platform. Purple Star then used Baker's platform to send Mr. Komaiko text messages at his Illinois phone number. Even if this could amount to purposeful targeting of California by Baker, which under the law it cannot, Mr. Komaiko's claims do not arise from any action by Baker purposefully directed at California and thus fail the Ninth Circuit's "but for" causation requirement for personal jurisdiction. For example, as evidence of alleged targeting of California, Plaintiffs point to the fact that Baker allegedly assigned Purple Star, a dispensary located in San Francisco, California, with a telephone number associated with San Francisco. The fact that he received a text message from a phone number associated with San Francisco, however, is not the "but for" cause of his claims. If he did not consent to text messages from Purple Star, he would have a claim regardless of whether the text message came from a San Francisco phone number or a phone number associated with any other locale. The same goes for Plaintiffs' allegations that Baker attended trade shows in California and received financing from California investment firms. None of these facts can be said to be the "but for" cause of Mr. Komaiko's claims.

Both Plaintiffs' claims fail for lack of jurisdiction alone. Plaintiffs' case against Baker is also foreclosed on the merits by FCC guidance on the application of the TCPA to software providers. In July 2015, the FCC ruled that a software provider may be liable under the TCPA as the initiator/maker of a text message where the software provider

3.

determined whether, when, or to whom to send text messages and generated the content of the messages sent. Under this guidance, Baker cannot be held liable as the initiator/maker of the text messages the cannabis dispensaries sent to Plaintiffs because it did not determine whether, when, or to whom to send such text messages, and it did not generate the content of such text messages. Plaintiffs' efforts to avoid the FCC guidance and recent case law following it are unavailing.

Plaintiffs' claims against TILT are even more attenuated. Plaintiffs concede that TILT had no involvement in the alleged claims but assert that TILT assumed Baker's liabilities through a merger. But Plaintiffs' own Complaint, which names Baker and TILT as separate entities, forecloses any merger claim, and Defendants have put forth affirmative and unrebutted evidence that there was no merger. Further, TILT is not Baker's successor as it has not received Baker's assets and because successor liability is not recognized as a viable doctrine in British Columbia (TILT's place of incorporation). Nor is TILT liable for Baker's conduct by virtue of its status as Baker's indirect majority owner. Thus, there is no basis for holding TILT liable for Plaintiffs' claims.

### 3. Legal Issues

The disputed issues of law in this litigation are:

*Plaintiffs' Statement*

- Whether Defendants were so involved in sending the telemarketing texts in question as be deemed to have made/initiated them;
- Whether the telemarketing messages were sent without valid prior express written consent using an ATDS in violation of the TCPA and UCL;
- Whether Defendants' transgressions of the TCPA were willful within the meaning of the Act;
- Which of Defendants' client dispensary customers received texts that were illegal under the TCPA;
- How many messages violative of the TCPA were sent to those customers; and

- Whether, and to what extent, TILT is liable for Baker's conduct contravening the TCPA and UCL, as a result of the 2018 merger.

*Defendants' Statement*

- Whether the Court has personal jurisdiction over TILT and/or Baker, both of which are out-of-state corporations whose alleged conduct was not targeted at California and occurred, if at all, outside of California;
- Whether Baker, a software provider whose software applications facilitate text messaging, may be held liable for text messages sent to Plaintiffs under the FCC's July 2015 Declaratory Ruling;
- Whether TILT, a Canadian corporation and Baker's indirect owner, is Baker's successor-in-interest under applicable law;
- Whether the text messages Plaintiffs received were sent using an ATDS;
- Whether Plaintiffs provided express written consent to receive the text messages at issue in this case;
- Whether Plaintiffs revoked prior express written consent to receive the text messages at issue in this case;
- Whether Plaintiffs suffered an actual injury sufficient to confer standing upon their claims;
- Whether class certification is appropriate under Federal Rule of Civil Procedure 23, including whether individual issues regarding class members' consent to receive text messages preclude a finding of predominance; and
- Whether the Court may certify a nationwide class including individuals whose claims bear no relationship to California.

### 4. Motions

Defendants have brought a motion to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) which is scheduled for hearing on January 23, 2020. If necessary, Defendants may bring motions for summary judgment/adjudication of issues.

Plaintiffs plan to bring a motion for class certification.

### 5. Amendment of Pleadings

*Plaintiffs' Statement*

At this time, Plaintiffs do not currently anticipate making any amendments to the pleadings. This may change depending on the Court's ruling on Defendants' motion to dismiss.

*Defendants' Statement*

Defendants note that Plaintiffs have already once amended their pleading in response to Defendants' original motion to dismiss. Thus, the current pleading is Plaintiffs' second attempt to state a claim.

### 6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

Assuming the Court denies Defendants' motion to dismiss, the parties will serve their initial disclosures two weeks after the Court's ruling on that motion, which is scheduled for hearing on January 23, 2020.

### 8. Discovery

No discovery has been taken to date and the parties intend to begin discovery after the Court's ruling on Defendants' motion to dismiss.

*Plaintiffs' Statement*

Plaintiffs intend to serve discovery requests on Defendants for documents, information, and testimony pertaining to the merger that created TILT; financial condition of and insurance held by Defendants; customer relationship management ("CRM") and text broadcasting services Defendants have provided their dispensary clients; cell phone number gathering and mass texting applications Defendants have

offered; statements Defendants have made to dispensaries regarding the legality of their services; cell numbers to which Defendants' were involved in transmitting unconsented to telemarketing texts; and the number of such messages sent.

Plaintiffs request expedited discovery relating to the merger, Defendants' financial condition and insurance coverage, and class certification.

*Defendants' Statement*

Defendants contend that discovery should not begin unless and until the Court finds it has jurisdiction over the parties. Defendants object to jurisdictional discovery on the basis stated in their reply brief on the currently pending motion to dismiss.

Defendants intend to serve discovery requests on Plaintiffs for documents, information, and testimony pertaining to its defenses in this action, including but not limited to the following topics: (1) Plaintiffs' provision of consent and/or revocation of consent to receive the text messages at issue in this litigation; (2) Plaintiffs' communications and interactions with the cannabis dispensaries who sent them text messages, including any settlements related to the text messages at issue in this litigation; (3) Plaintiffs' damages, if any, from text messages they received from the cannabis dispensaries. Defendants also anticipate that they will serve third party discovery on the cannabis dispensaries who sent the text messages to Plaintiffs related to topics (1) and (2) above. Defendants intend to depose the purported class representatives.

**9. Class Actions**

*Plaintiffs' Statement*

This class action is brought and may be maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure and Section 382 of the California Code of Civil Procedure.

Two proposed Classes are defined as follows:

a. All persons in the United States and its Territories to whom Baker's client dispensaries sent one or more telemarketing texts utilizing an ATDS, where the recipient number used to deliver the text/s was entered into one of Baker's number collection

applications prior to such a transmission, at any time in the period that begins four years from before the date of this complaint's filing to trial.

    b.    All persons in the State of California to whom Baker's client dispensaries sent one or more telemarketing texts utilizing an ATDS, where the recipient number used to deliver the text/s was entered into one of Baker's number collection applications prior to such a transmission, at any time in the period that begins four years from before the date of this complaint's filing to trial.

Specifically excluded from the proposed Classes are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them.

The Judge assigned to this action and any member of the Judge's immediate family are also specifically excluded from the proposed Classes.

Plaintiffs anticipate bringing a motion for class certification by September 23, 2020.

*Defendants' Statement*

Defendants deny that this lawsuit is appropriate for class certification under Federal Rule of Civil Procedure 23, including because individual issues regarding class members' consent to receive text messages preclude a finding of predominance. Further, Defendants contend that Plaintiffs' proposed class is overbroad because it (1) includes individuals whose claims have no connection to California, (2) it includes individuals who consented to receive text messages from Baker's dispensary clients, and (3) it includes individuals who consented to binding arbitration and waived their rights to participate in a class action.

    **10.**    **Related Cases**

There are no related cases.

### 11. Relief

Plaintiffs, on behalf of all similarly situated class members, seek (a) designation of this suit as a class action, with Plaintiffs as the class representatives; (b) the Court's facilitation of notice to the members of the putative class, including through discovery of Defendants' records; (c) a judgment that Defendants' actions violated the TCPA and UCL; (d) an injunction against Defendants barring them from engaging in that conduct; (e) an award of damages based on the statutory damages provisions the TCPA provides; and (f) attorneys' fees and costs.

Defendants seek dismissal of all claims.

### 12. Settlement and ADR

The parties have filed a Notice of Need for ADR Phone Conference in order to determine an appropriate ADR schedule and to make a final decision on whether an early settlement conference would be the most appropriate ADR process for this case.

Both parties have filed the required ADR Certification by Parties and Counsel.

Plaintiffs and Defendants believe that a settlement conference before a Magistrate Judge would be the most effective ADR option at this juncture.

### 13. Consent to Magistrate Judge for All Purposes

All parties have consented to have the Hon. Donna M. Ryu conduct all further proceedings.

### 14. Other References

The parties do not believe this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. Defendants reserve the right to move to compel arbitration of Plaintiffs' claims depending upon facts developed in discovery.

### 15. Narrowing of Issues

*Plaintiffs' Statement*

Beyond the details and bearing on liability of the merger, financial condition of and insurance coverage available to Defendants, and class certification the parties have not yet identified any other issues that can be narrowed in this matter.

*Defendants' Statement*

As detailed in Defendants' motion to dismiss, there is no basis to assert that a "merger" between Baker and TILT occurred, and thus, there is no basis for discovery on that non-issue. Any insurance coverage will be identified in initial disclosures as required. There is no basis for discovery of Defendants' "financial condition."

### 16. Expedited Trial Procedure

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

### 17. Scheduling

The parties propose the following schedule:

| | |
|---|---|
| Complete Initial Disclosures | Two weeks after the Court's ruling on Defendants' Motion to Dismiss FAC, assuming the Court denies Defendants' motion (hearing on Motion to Dismiss FAC scheduled for January 23, 2020) |
| Last Day to Join Parties or Amend Pleadings | March 3, 2020 |
| Complete ADR Process | May 1, 2020 |
| Last Day for Motion for Class Certification | September 23, 2020 |
| Non-Expert Discovery Cutoff | January 8, 2021 |
| Expert Disclosure Opening | January 29, 2021 |
| Expert Disclosure Rebuttal | February 26, 2021 |
| Expert Discovery Cutoff | March 26, 2021 |
| Last Day for Dispositive and *Daubert* Motions to be Heard | June 10, 2021 |
| Joint Pretrial Conference Statement | August 18, 2021 |
| Pretrial Conference | September 1, 2021 at 3:00 p.m. |
| Trial | September 13, 2021 at 9:00 a.m. |

**18. Trial**

This case will be tried to a jury and the parties estimate the trial will last 14 days.

**19. Disclosure of Non-Party Interested Entities of Persons**

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, reflecting persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities which (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  Plaintiffs certified that there are no such persons or entities.

The Defendants have filed their "Certifications of Interested Entities" pursuant to Civil L.R. 3-15, reflecting the below-listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Jimmy Jang, L.P.
2. TILT Holdings Inc.

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 16, 2020

By: /s/ Peter Roldan
Peter Roldan

EMERGENT LLP
Attorneys for Plaintiffs RICHARD KOMAIKO and MARCIE COOPERMAN

Dated: January 16, 2020

By: /s/ Cynthia A. Castillo
Cynthia A. Castillo

FARELLA BRAUN + MARTEL LLP
Attorneys for Defendants BAKER TECHNOLOGIES, INC. AND TILT HOLDINGS INC.

<u>ECF Attestation</u>

I am the person who efiled this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in its filing was obtained from each of the other signatories.

Dated: January 16, 2020

By: /s/ Peter Roldan
Peter Roldan

**CASE MANAGEMENT ORDER**

The above Joint Case Management Statement & Proposed Order is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the court makes the further orders stated below:

**IT IS SO ORDERED**

Dated:

HON. DONNA M. RYU
UNITED STATES DISTRICT COURT JUDGE