1   C. Brandon Wisoff (State Bar No. 121930)
    bwisoff@fbm.com
2   Cynthia A. Castillo (State Bar No. 316026)
    ccastillo@fbm.com
3   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, California 94104
    Telephone: (415) 954-4400
5   Facsimile: (415) 954-4480

6   Attorneys for BAKER TECHNOLOGIES, INC.
    and TILT HOLDINGS INC.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD KOMAIKO and MARCIE           Case No. 4:19-CV-03795-DMR
    COOPERMAN, on behalf of themselves and
12  others similarly situated,            **DEFENDANTS' OPPOSITION TO
                                          PLAINTIFFS' MOTION TO STRIKE OR
13              Plaintiffs,               IN THE ALTERNATIVE, TO PERMIT
                                          THE FILING OF A SURREPLY**
14       vs.
                                          Date:    January 23, 2020
15  BAKER TECHNOLOGIES, INC. and TILT     Time:    1:00 p.m.
    HOLDINGS INC.,                        Crtrm:   4
16                                        Magistrate Judge Donna M. Ryu
                Defendants.
17                                        Trial Date:  TBD

18

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

37884\13000946.1

Defendants TILT Holdings Inc. ("TILT") and Baker Technologies, Inc. ("Baker," and together with TILT, "Defendants") filed their Reply In Support of their Motion to Dismiss ("Reply") on December 20, 2019. Over a month after Defendants filed their Reply brief and only one business day before the January 23, 2020 hearing on Defendants' Motion to Dismiss, Plaintiffs filed their Motion to Strike New Arguments Raised in Defendants' Reply in Support of Motion to Dismiss (ECF 41) Or, In the Alternative, to Permit the Filing of a Surreply ("Motion to Strike"). Plaintiffs have offered no reason justifying their belated filing, and the Motion to Strike may be denied on that basis alone. Even if the Court entertains the Motion to Strike, it should nonetheless deny it because Defendants did not improperly raise a new argument in their Reply. The purported new argument about which Plaintiffs complain was raised *in response* to unpleaded successor liability arguments that Plaintiffs raised for the first time in their Opposition to Defendants' Motion to Dismiss ("Opposition").

While these points are alone dispositive, Defendants note that Plaintiffs' arguments on the merits of the issues they seek to raise are demonstrably wrong. Defendants reserve the right to fully respond to Plaintiffs' arguments should the Court allow their proposed Surreply in Opposition to Defendants' Motion to Dismiss ("Surreply"). But, given the imminence of the January 23rd hearing date, Defendants preview here their response to Plaintiffs' improper Surreply. First, Plaintiffs misapply the internal affairs doctrine. Under the internal affairs doctrine, California courts would apply the law of TILT's place of incorporation to determine whether TILT is a successor to Baker because matters peculiar to corporations, such as "mergers, reorganizations, or consolidations" cannot practicably be determined differently in different states. Restatement (Second) of Conflict of Laws § 302 cmt. a (1971). Second, Plaintiffs' successor liability theory is not viable in Canada. Plaintiffs have not cited a single case where a court has held that the successor liability doctrine actually applies in Canada—they cite cases stating only that it could potentially apply in some circumstances. Nor has it been applied (in either Canada or the United States) to a case such as this one where an entity acquires the stock but not the assets of another entity. *See, e.g.*, *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1131–32 (C.D. Cal. 2015) (requiring allegations of an asset purchase as a prerequisite to finding successor liability). For this reason, allowing jurisdictional discovery would be futile.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

1

37884\13000946.1

## I. PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE DEFENDANTS DID NOT IMPROPERLY RAISE A NEW ARGUMENT IN THEIR REPLY.

Although courts "ordinarily decline to consider arguments raised for the first time in a reply brief," a court may consider a new argument raised in a reply if the argument responds to an issue raised in an opposition brief. *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (appellant may raise a new issue in a reply brief in response to appellees' brief); *see also Defs. of Wildlife v. U.S. Fish*, No. 16-CV-01993-LHK, 2016 WL 4382604, at *10 (N.D. Cal. Aug. 17, 2016) (courts may consider new evidence offered in reply brief when it is offered in response to arguments made in opposition brief). Defendants properly raised the issue of the applicability of British Columbia law in their Reply in response to Plaintiffs' unpleaded successor liability theory, which Plaintiffs raised for the first time in their Opposition.

In their First Amended Complaint, Plaintiffs alleged that TILT was liable for Baker's conduct because it assumed the liabilities of Baker *as a result of a purported merger* between Baker and TILT. FAC ¶ 122. Along with Defendants' Motion to Dismiss, Defendants submitted unrebutted evidence showing that Baker and TILT never merged and that TILT merely has an indirect 85% ownership interest in Baker. Milton Decl. ¶¶ 6, 13. Realizing that their merger allegations were refuted (and thus cannot be accepted as true), Plaintiffs argued in their Opposition that even if Baker and TILT did not legally merge, TILT may nonetheless be liable for Baker's conduct under the doctrine of successor liability as it is applied in California. Opp. at 15. Plaintiffs provided no basis for their assertion that California successor liability law applied to British Columbia corporations. In response to that new, unpleaded theory, TILT argued that British Columbia law, and not California law, applies to the determination of whether TILT is liable as Baker's successor. TILT also argued in its Reply that even California successor liability applies only in cases where there have been asset transfers, not mere stock transfers, and that Plaintiffs do not and cannot allege the necessary facts. These arguments were proper because they were raised in response to Plaintiffs' new argument that even absent an actual merger successor liability potentially applies to the facts of this case. Despite having had Defendants' Reply for over a month, Plaintiffs only now—on the eve of the hearing date—claim they were somehow unfairly surprised. Plaintiffs' Motion to Strike should therefore be denied.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

2

37884\13000946.1

## II. THE ARGUMENTS IN PLAINTIFFS' SURREPLY ARE WITHOUT MERIT.

### A. The internal affairs doctrine applies here and requires the Court to apply the law of TILT's place of incorporation to the successor liability issue.

Plaintiffs incorrectly argue in their proposed Surreply that the Court must apply California law to the successor liability issue because the internal affairs doctrine does not apply here. Plaintiffs' argument misconstrues § 302 of the Restatement (Second) of Conflict of Laws and California case law applying it.

Section 302(1) of the Restatement (Second) of Conflict of Laws provides that courts should apply the law of the place of incorporation to "issues involving the rights and liabilities of a corporation." California has by statute expressly adopted the internal affairs doctrines as the law of the state of California. Cal. Corp. Code § 2116; *see also Miele v. Franklin Res., Inc.*, No. 3:15-CV-00199-LB, 2015 WL 4934071, at *8 (N.D. Cal. Aug. 18, 2015). Under the internal affairs doctrine, the law of a corporation's place of incorporation applies except "in the ***unusual*** case where, with respect to the particular issue, some other states has a more significant relationship to the occurrence and the parties." Restatement (Second) of Conflict of Laws § 302(2) (emphasis added.) This is not that "unusual" case where an exception to the general rule applies. The comments to Section 302(2) explain that ordinarily the law of the place of incorporation should govern because "many matters involving a corporation cannot practicably be determined differently in different states." Restatement § 302 cmt. e. The comments enumerate several examples of issues that cannot practicably be determined differently in different states, including "mergers, consolidations, and reorganizations." *Id.* Thus far from being the unusual exception where the internal affairs doctrine would not apply, this case is the paradigm example where it is meant to control. Moreover, the only case to have considered the issue in California held that California courts would apply the law of the state of incorporation to successor liability issues. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302 MRP, 2011 WL 1765509, at *4 (C.D. Cal. Apr. 20, 2011).

Neither *Lidow* nor *Friese* stands for the proposition that California would apply its own law to determine whether a corporation is a successor-in-interest. As the comments to § 302(2) note, certain matters need not be determined by the place of incorporation under the internal affairs doctrine. For

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

3

37884\13000946.1

example, a forum state may regulate the conduct of a foreign corporation and apply its own tort law, such as by prohibiting a corporation from wrongfully retaliating against its CEO. *Lidow v. Superior Court*, 206 Cal. App. 4th 351, 362 (2012). A forum state may also regulate a foreign corporation's conduct with respect to the sale of securities in the forum state. *See generally Friese v. Superior Court*, 134 Cal. App. 4th 693, 711 (2005). There is also no support for Plaintiffs' assertion that courts do not apply the internal affairs doctrine to matters that affect the rights of third parties. *See Maine State Ret. Sys.*, 2011 WL 1765509, at *4 (noting that matters that affect the interests of a corporation's creditors fall under Section 302); *see also Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1172 (C.D. Cal. 2011) (applying the internal affairs doctrine in a securities fraud class action and stating that "[e]ven corporate functions which implicate the rights of creditors, such as mergers and reorganizations, fall within the doctrine" (citing Restatement Section 302 cmt. a, e)).

### B. Plaintiffs' successor liability theory is not viable in either the United States or Canada.

Plaintiffs argued in their Opposition that the Court should exercise personal jurisdiction over TILT because alternative successor liability theories, such as the "de facto merger" or "mere continuation" doctrines might apply. Opp. at 15. In its Reply, TILT argued that Plaintiffs' successor liability arguments fail because (1) successor liability theories have not been applied by courts in British Columbia, where TILT is incorporated, and (2) because Plaintiffs have failed to plead facts giving rise to successor liability under California law. In their Surreply, Plaintiffs failed to address the fact that successor liability applies only after asset transfers, which Defendants' unrefuted evidence shows did not occur here. Because Plaintiffs have not (and cannot) plead that Baker transferred its assets, the Court need not delve into the supposed conflict of laws issue. *See Gerritsen*, 116 F. Supp. 3d at 1131–32.

To the extent that the Court applies British Columbia law, Plaintiffs have failed to cite any case where a Canadian court applies successor liability. Indeed, as the Court of Queen's Bench of Alberta stated in *Cooperatieve Centrale Raiffeisen-Boerenleenbank B.A. v. Liebig & Keown LLP,* there is only one final decision on the issue of successor liability in Canada, "and the holding in that case rejected the doctrine [of successor liability]." 2016 CarswellAlta 1425, at ¶ 24 (Alta. Q.B.)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

4

37884\13000946.1

1  (citing *Cominco Ltd. v. Westinghouse Canada Ltd.; Cominco Ltd. v. Canadian General Electric Co.*
2  (1981), 127 D.L.R. (3d) 544, 45 B.C.L.R. 26 (B.C.S.C.)).

3  Plaintiffs argue that both *Cominco* and *Cooperatieve Centrale* are inapposite because they failed to consider the New Jersey Supreme Court's decision in *Ramirez v. Amsted Industries Inc.*, 86 N.J. 332 (1981). *Ramirez* held that an entity may be liable as a successor "for injuries caused by a defective product manufactured and placed in the stream of commerce by a predecessor," even where traditional successor liability theories such as the "de facto merger" doctrine do not apply. This rule is known as the product line exception. While some Canadian courts have considered the possibility that *Ramirez's* product line exception might be a viable theory in Canada, as of yet no Canadian court has actually applied *Ramirez*. Far from being a watershed case as Plaintiffs claim, "only a small number of state courts have chosen to follow the lead of [California's *Alad v. Ray* [1] and New Jersey's *Ramirez*] and adopt a similar 'product line' theory of liability," whereas "the overwhelming majority of courts, including those of Massachusetts, have refused to expand the traditional rule [of successor nonliability] without clear legislative guidance." *Nat'l Gypsum Co. v. Cont'l Brands Corp.*, 895 F. Supp. 328, 340 (D. Mass. 1995). Moreover, *Ramirez* is applicable *only to products liability cases* premised on strict liability. Even California courts have held that the product line exception to traditional successor liability rules is not applicable outside the context of strict products liability cases. *Franklin v. USX Corp.*, 87 Cal. App. 4th 615, 629, 105 Cal. Rptr. 2d 11 (2001). The product line exception adopted in *Ramirez* is wholly irrelevant to cases such as this one that do not involve products liability. Thus, Plaintiffs' assertion that the *Cominco* decision is inapplicable because it did not consider or address *Ramirez* is unpersuasive.

Finally, it is important to note that the Canadian cases that Plaintiffs cite are factually distinguishable as they all involve asset transfers, which has not happened here. Milton Decl. ¶ 13. Some of those cases also involved the express assumption of liabilities through contract following the sale of manufacturing assets—facts also not present here. *See Boehler v. Blaser Jagdwaffen GmbH*,

---

[1] California adopted the product line exception in *Ray v. Alad Corp.*, 19 Cal. 3d 22, 34, 560 P.2d 3 (1977). The New Jersey Supreme Court adopted the *Ray* Court's reasoning in *Ramirez*.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

5

37884\13000946.1

2000 BCSC 710, 200 CarswellBC 987 (asset transfer agreement provided that assets were transferred along with "all rights and obligations"); *Parlette v. Sokkia Inc.*, 2006 CarswellOnt 6202 (finding that the asset purchaser expressly assumed all of seller's product liabilities in an asset contribution agreement). Thus even accepting Plaintiffs' argument that the law on successor liability is unsettled in Canada, the Court should still grant TILT's Motion to Dismiss because Canadian courts would not apply successor liability where TILT did not acquire Baker's assets.

### C. Plaintiffs' request for jurisdictional discovery should be denied because jurisdictional discovery would be futile.

Finally, Plaintiffs ask for jurisdictional discovery to determine whether some state other than British Columbia, such as Massachusetts or California, has a greater interest than British Columbia in applying its successor liability law. Aside from the issue that the application of the internal affairs is a legal question and does not turn on the availability of factual discovery, allowing jurisdictional discovery would be futile. Even if United States law (whether California or Massachusetts) could conceivably apply to the successor liability issue (it does not), jurisdictional discovery would be futile because courts in the United States apply successor liability theories such as the "de facto merger" or "mere continuation" doctrines only where an entity transfers its assets to another entity for inadequate consideration. *Franklin*, 87 Cal. App. 4th at 629; *see also Premier Capital, LLC v. KMZ, Inc.*, 464 Mass. 467, 475 (2013) ("Our decisions addressing successor liability have recognized consistently that successor liability depends on a transfer of all, or substantially all, assets from predecessor to successor."); *Nat'l Gypsum Co.*, 895 F. Supp. at 337 (noting that successor liability cases follow a virtually identical pattern: "a corporation which is solvent (or if technically insolvent, at least some assets to pay its creditors), *transfers its assets* in a collusive transaction to another entity in which these same shareholders end up with an equity interest, now unencumbered" (emphasis added)). Transfers of stock are never enough to give rise to successor liability. *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1074 n.3 (N.D. Cal. 2019) ("[S]uccessor liability according to California law 'requires the purchase of *assets*, not merely the purchase of stock.'").

Defendants have submitted unrefuted evidence that Baker has not transferred any assets to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

6

37884\13000946.1

TILT, Milton Decl. ¶ 13, and Plaintiffs do not even argue in their Surreply that Baker has transferred its assets or that TILT is now operating Baker's business. This is fatal to Plaintiffs' successor liability theory, and therefore jurisdictional discovery would be futile. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("Where a claim to jurisdiction is "based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery[.]" (internal quotation marks omitted)).

## CONCLUSION

The Court should deny Plaintiffs' Motion to Strike New Arguments Raised in Defendants' Reply in Support of Motion to Dismiss (ECF 41) Or, In the Alternative, to Permit the Filing of a Surreply.

Dated: January 22, 2020                     FARELLA BRAUN + MARTEL LLP

By: /s/ *Cynthia A. Castillo*
Cynthia A. Castillo

*Attorneys for BAKER TECHNOLOGIES, INC. and TILT HOLDINGS INC.*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
Case No. 4:19-cv-03795-DMR

7

37884\13000946.1