UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KOMAIKO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAKER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-03795-DMR<br><br>**ORDER ON MOTION TO STAY**<br><br>Re: Dkt. Nos. 19-3795 |

Plaintiffs Richard Komaiko and Marcie Cooperman are named representatives in this putative class action against Defendant Baker Technologies, Inc. ("Baker").[1] [Docket No. 29 ("FAC").] Plaintiffs assert claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Baker moves to stay the case pending the U.S. Supreme Court's rulings in *Barr v. American Ass'n of Political Consultants*, Sup. Ct. Docket No. 19-631 ("*Political Consultants*") and *Facebook, Inc. v. Duguid*, Sup. Ct. Docket No. 19-511 ("*Duguid*"). [Docket Nos. 56 ("Mot."), 70 ("Reply").] Plaintiffs oppose. [Docket No. 67 ("Opp.").] This matter is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).

For the reasons stated below, the motion to stay is denied without prejudice.

**I.  BACKGROUND**

The factual allegations in this case are laid out in detail in the court's order on Defendant's motion to dismiss. [Docket No. 52.] In brief, Baker provides a customer relationship marketing ("CRM") platform for over 900 cannabis dispensaries throughout Canada and the United States. Baker offers software that allows client dispensaries to collect customer contact information and to

---

[1] The court granted Tilt Holdings Inc.'s ("TILT") motion to dismiss for lack of personal jurisdiction on April 20, 2020 and so only Baker remains a defendant in this case. *See* Docket No. 52.

send customers text messages through an automatic telephone dialing system ("ATDS"). Between February 2015 and December 2016, the named Plaintiffs visited four of Baker's client dispensaries. After their visits, they began receiving marketing text messages from the dispensaries. Plaintiffs allege that they received the telemarketing texts without providing their prior express written consent in violation of the federal TCPA and California's UCL.

On April 20, 2020, the court granted in part Baker and TILT's motion to dismiss and dismissed the claims against TILT for lack of personal jurisdiction. *See* Docket No. 52. Fact discovery in this case closes on May 21, 2021 and expert discovery closes August 20, 2021. The last day for hearing Plaintiffs' motion for class certification is February 25, 2021 and the last day for hearing dispositive and Daubert motions is October 28, 2021. Trial is scheduled to begin on February 7, 2022. Baker's motion requests a stay of this case until the end of the Supreme Court's next term in mid-2021.

## II.  LEGAL STANDARD

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55) ("*Landis* factors").

A stay may be granted "pending resolution of independent proceedings which bear upon the case . . . and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[a] stay should not be granted unless it appears likely the other proceedings

1   will be concluded within a reasonable time in relation to the urgency of the claims presented to the
2   court." *Id.* at 864.

3   **III.   DISCUSSION**

4   The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The TCPA makes it unlawful for any person to make a call using an ATDS except for emergency purposes or if the recipient has provided prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); *see* 47 C.F.R. § 64.1200(a)(1). The Ninth Circuit has held that "a text message is a 'call' within the meaning of the TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

Baker's motion initially requested a stay of this case until the Supreme Court issued a decision in *Political Consultants* and *Duguid*. On July 6, 2020, the Court ruled on *Political Consultants*. One issue before the Court was whether the government-debt exception to the TCPA's automated-call restriction violated the First Amendment, and if so, whether the appropriate remedy would be to invalidate the call restriction entirely. If the Court had struck down the call restriction, Plaintiffs' claims in this case would have been mooted. Instead, however, the Court severed the government-debt exception from the remainder of the statute, leaving the call restriction otherwise intact. Because the government-debt exception is not at issue in this case, the decision in *Political Consultants* does not impact Plaintiffs' claims. Accordingly, the only remaining issue in this motion is whether the case should be stayed pending the Court's ruling in *Duguid*, an appeal from the Ninth Circuit's decision in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019).

At issue in *Duguid* is the definition of ATDS in the TCPA, and specifically whether that definition "encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'"[2] Sup. Ct. Docket No. 19-511, Petition for a Writ of Certiorari, at ii (Oct. 17, 2019). The Third, Seventh, and Eleventh and have read the TCPA to apply only to devices with the capacity to "generat[e] random or sequential

---

[2] The petition requested review of two issues, but the Supreme Court granted certiorari only as to the definitional issue.

telephone numbers and dial[] those numbers." *Dominguez on Behalf of Himself v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *see also Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 461 (7th Cir. 2020) (holding that the TCPA did not apply to a system that dialed numbers from "an existing database of customers rather than randomly generating them"); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306-10 (11th Cir. 2020) (finding that a system with the capacity to automatically dial a stored list of telephone numbers was not an ATDS). By contrast, the Ninth and Second Circuits have held that "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator, but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018); *see also Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 287 (2d Cir. 2020) ("[W]e hold that an ATDS may call numbers from stored lists, such as those generated, initially, by humans.").

According to Baker, the issue before the Supreme Court in *Duguid* is dispositive in this case. It points out that Plaintiffs' allegations only accuse its software of sending texts from lists of customer data, not randomly generating numbers. While these allegations are currently sufficient to impose TCPA liability in the Ninth Circuit, Baker asserts that a reversal by the Supreme Court would eliminate Plaintiffs' case. However, Baker is notably evasive on a key fact: whether its software has the *capacity* to generate random numbers and call them, regardless of whether it used that capacity in sending the texts at issue. The Ninth Circuit has definitively held that a system "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield*, 569 F.3d at 951; *see also King v. Time Warner Cable Inc.*, 894 F.3d 473, 480 (2d Cir. 2018) ("[T]he TCPA applies to calls from a device that can perform the functions of an autodialer, regardless of whether it has actually done so in a particular case."). This is a separate question than the one before the Supreme Court in *Duguid*. Even if the Ninth Circuit is incorrect that a device that can store and automatically dial numbers is an ATDS, such a conclusion would not necessarily invalidate its interpretation of the term "capacity." In other words, under Ninth Circuit precedent that is not before the Supreme Court in *Duguid*, Baker's technology could still be considered an ATDS under Ninth Circuit law if it has the

4

capacity to store or produce numbers "using a random or sequential number generator," regardless of whether it was being used for that purpose when it sent texts to the dispensaries' customers. Notably, the Eleventh Circuit, which split from the Ninth Circuit on the random generation issue, still recognized that the TCPA "applies to devices that have the 'capacity' to identify randomly generated numbers; it does not require that capacity to be used in every covered call." *Glasser*, 948 F.3d at 1312.

In sum, it is not clear that a reversal in *Duguid* would be dispositive in this case. This consideration is highly relevant to whether a stay is warranted. Courts generally have held that stays of the length Baker requests are reasonable where a Supreme Court decision expected in the following term could moot some or all issues in a case. *See, e.g.*, *McElrath v. Uber Techs., Inc.*, Case No. 16-cv-07241-JSC, 2017 WL 1175591, at *6 (N.D. Cal. Mar. 30, 2017) (granting a stay where "it does not appear that a decision on the merits [of a case before the Supreme Court] is more than a year away" and the outcome of that case "will have a significant impact on this case"); *Mackall v. Healthsource Glob. Staffing, Inc.*, Case No. 16-cv-03810-WHO, 2017 WL 2665713, at *1 (N.D. Cal. Jan. 18, 2017) ("While the Court is sympathetic to plaintiff's desire to move the matter along without unnecessary delay, it is the Court's opinion that a stay is appropriate given that the Supreme Court has granted cert. on the central issue in this case."); *Stone v. Sterling Infosystems, Inc.*, 2015 WL 4602968 (E.D. Cal. July 29, 2015) (granting a stay of approximately a year pending a decision by the Supreme Court that would prove dispositive of the case); *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *6 (S.D. Cal. May 11, 2018) ("[J]udicial economy clearly warrants a stay pending *Morris*. It is without question that *Morris* will have an imperative impact on this case and will also simplify the issues before the Court."). Other courts have denied a motion to stay but limited discovery to issues that would not be mooted by a forthcoming decision in another proceeding. *See Coppernoll v. Hamcor, Inc.*, Case No. 16-cv-05936 WHA, 2017 WL 446315 (N.D. Cal. Jan. 17, 2017) (limiting discovery to issues affecting a class representative where the Supreme Court decision would affect only class certification).

By contrast, courts have denied stays where a pending decision was unlikely to have a significant impact in the case. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir.

2005) (denying a stay pending a bankruptcy proceeding because "it is highly doubtful that the bankruptcy court in Texas will provide a legal resolution to the Attorney General's Clayton Act claim"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 97511, at *5 (N.D. Cal. Jan. 8, 2016) (denying a stay where other pending decisions would at most have "a beneficial impact on the case by clarifying questions of law"). Courts have also denied stays where it was not clear when the other legal proceedings would conclude. *See Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. June 14, 2016) (denying a stay where an anticipated D.C. Circuit court decision would likely be appealed and therefore not end that litigation within a definite time period). In *Pascal v. Concentra, Inc.*, a defendant in a TCPA case requested a stay pending further guidance from the FCC on the definition of "ATDS." Case No. 19-cv-02559-JCS, 2019 WL 5458282, at *3 (N.D. Cal. Oct. 24, 2019). The court denied a stay because the defendant did not provide "any specific explanation of *how* the possible changes in the definition of an ATDS will be relevant to this case" and because there was no indication when the FCC would issue further guidance. *Id.*; *see also Izor v. Abacus Data Sys., Inc.*, Case No. 19-CV-01057-HSG, 2019 WL 3555110, at *4 (N.D. Cal. Aug. 5, 2019) (finding that "the mere possibility of intervening law" through FCC guidance was not sufficient to warrant a stay).

In this case, Baker requests a stay of a definite period—namely, until the end of the Supreme Court's next term which will conclude slightly less than a year from now. The Court granted certiorari on only the definitional issue in *Duguid*, rendering it likely that it will resolve the Circuit split on that issue. Waiting for a final Supreme Court decision is not similar to waiting for a decision from a lower court, where further appeals may render a stay indefinite. However, as explained above, Baker has not clearly explained how the issue in *Duguid* is dispositive here. Baker has not shown or argued that its software is incapable of storing and producing numbers "using a random or sequential number generator." Instead, it merely points out that Plaintiffs' allegations do not suggest that the capacity to use such a generator was used to send the texts at issue here. This is insufficient. Under existing Ninth Circuit authority not before the Supreme Court, the relevant consideration is whether a device has the capacity to perform as an autodialer, not whether it used that capacity to send the allegedly unlawful texts. *See Satterfield*, 569 F.3d at 951. Since Baker has

not adequately explained how the outcome in *Duguid* is likely to have a significant impact in this case, it has not met its burden to show that a stay is warranted at this time. However, for the next 60 days, discovery will be restricted to the question of whether the ATDS allegedly used to send text messages to the named Plaintiffs had the capacity to store and produce numbers using a random or sequential number generator. Class discovery is not permitted. The parties shall file a joint status report by October 12, 2020. If discovery shows that the device at issue does not have said capacity, Baker may renew its motion for a stay.

## IV. CONCLUSION

For the reasons stated above, Baker's motion to stay is denied. The parties shall file a joint status report by no later than October 12, 2020.

**IT IS SO ORDERED.**

Dated: August 11, 2020



Judge Donna M. Ryu
United States Magistrate Judge

7